UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00301-FDW-DCK

| | |
|---|---|
| LAUREN QUINONES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LIBERTY LIFE ASSURANCE )<br>COMPANY of BOSTON and THE PNC )<br>FINANCIAL SERVICES GROUP, INC. )<br>AND AFFILIATES LONG TERM )<br>DISABILITY PLAN, )<br>)<br>Defendants. ) | **ORDER** |

**THIS MATTER** is before the Court *sua sponte* on Plaintiff Lauren Quinones ("Plaintiff") and Defendants The PNC Financial Services Group, Inc. and Affiliates Long Term Disability Plan's ("PNC's") failure to hold an Initial Attorneys' Conference ("IAC") within the requisite time period. For the reasons stated below, Plaintiff and Defendants are hereby ORDERED to conduct an IAC by the deadline stated herein; and Defendant Liberty Life Assurance Company of Boston is DISMISSED from the case.

Plaintiff filed her Complaint on June 6, 2016, against Defendant Liberty Life Assurance Company of Boston ("Liberty Life"). (Doc. No. 1). Plaintiff filed her Amended Complaint in this case on June 30, 2016, against Defendant PNC—and not against Defendant Liberty Life. (Doc. No. 3). "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001). Federal Rule of Civil Procedure 15(c) sets out the requirements necessary for a plaintiff to change parties

1

by amended pleading; and Rule 21 allows the Court to add or drop a party, at any time and on its own, on just terms. Accordingly, the Court finds Plaintiff satisfied Rule 15's requirements and DISMISSES Defendant Liberty Life from the instant action.

After Plaintiff filed her Amended Complaint, Defendant PNC filed its Answer on August 29, 2016. (Doc. No. 5). Consequently, pursuant to this Court's Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney, Misc. No. 3:07-MC-47 (Doc. No. 2), joinder of the issues occurred on August 29, 2016, the time at which the last responsive pleading was filed in this case. According to the Court's Initial Scheduling Order, entered on June 6, 2016, the parties were required to conduct an IAC "[w]ithin fourteen (14) calendar days following joinder of the issues" and to "file a Certification of Initial Attorneys' Conference ("CIAC")" "[w]ithin five (5) calendar days after the IAC." The Initial Scheduling Order further informed the parties that "'[j]oinder of the issues' occurs when the last responsive pleading is filed." As of the date of the entry of this Order, the deadline for the parties to conduct the IAC and to file a CIAC has long passed, and the parties have not filed the CIAC indicating that they have conducted the required IAC. Therefore, it is clear that the parties have failed to comply with the rules contained in this Court's Standing Order.

The parties are hereby ORDERED to conduct an IAC no later than Monday, October 17, 2016, and to show cause by that time why they failed to hold an IAC and to file a CIAC within the required time period. The Clerk is also respectfully directed to TERMINATE Defendant Liberty Life Assurance Company of Boston.

SO ORDERED.

Signed: October 11, 2016

Frank D. Whitney
Chief United States District Judge